J-S80007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WALTERS | |
| Appellant | No. 735 MDA 2016 |

Appeal from the Judgment of Sentence March 30, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002768-2011

BEFORE:   LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 17, 2017**

James Walters appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County following his conviction for fleeing or attempting to elude a police officer[1] and driving while operating privilege is suspended or revoked.[2]  Upon review, we affirm.

On June 4, 2011, at approximately 3:00 a.m., Police Officer Peter O'Brien saw Walters traveling south on State Route 222 in a minivan. Officer O'Brien observed Walters cross the fog line at least three times and make a drastic overcorrection each time.  Officer O'Brien suspected that Walter was intoxicated, and he activated his lights and sirens in order to

---

[1] 75 Pa.C.S. § 3733(a).

[2] 75 Pa.C.S. § 1543(b)(1).

stop him. Walters continued to drive at the same speed. Officer O'Brien used his spotlights and intercom system to direct Walters to pull over, but Walters continued driving. Eventually, Officer O'Brien overtook Walters' van and forced him off the road. Thereafter, criminal charges were filed against Walters.

On February 16, 2016, after 32 continuances, four lawyers and approximately four years, the trial court conducted a status hearing in response to a motion filed by Walters' counsel, Kevin Wray, Esquire, seeking to withdraw from the case. The court denied the motion and advised Walters that the case would go to trial on March 29, 2016. At trial, Walter appeared without Attorney Wray. Walters indicated that Attorney Wray was no longer associated with him and that he had fired Attorney Wray. The court denied Walters' request for a continuance, finding that Walters had forfeited his right to counsel. Standby counsel was appointed and Walters proceeded *pro se*. Following the jury trial, Walters was found guilty of the aforementioned offenses. The jury found Walters not guilty of driving under the influence.

On March 30, 2016, the court sentenced Walters to 133 days to 23 months' incarceration and a fine of $2,500 for the eluding police conviction. On April 13, 2016, following a timely post-sentence motion, the judgment of sentence was modified to reduce the fine to $500. Walters filed a timely notice of appeal and court-ordered concise statement of errors complained

of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Walters raises the following issues for our review:

1. Whether the trial court erred in requiring Appellant James Walters to represent himself *pro se* at a jury trial when he had hired a private attorney, Attorney Kevin Wray, when said attorney failed to appear on the day of trial despite being instructed that his petition to withdraw was denied and that he was to continue to represent [Walters] through trial, unless another attorney entered his/her appearance and that any consent by [Walters] to the withdrawal of Attorney Wray's appearance on [the] day of trial was not knowing, intelligent and voluntary and a violation of his 6th Amendment right to counsel pursuant to the federal constitution and Article 1 Section 9 of the Pennsylvania Constitution.

2. Whether the trial court erred in failing to instruct the jury on the defenses to fleeing and eluding pursuant to 75 Pa.C.S.A. [§] 3733(c)(1) and (c)(2), which are complete defenses and part of the standard jury instruction where there was testimony regarding the late hour, a single driver, that he was unsure that it was in fact an actual police officer, that there was glass and other items on the side of the road making it unsafe to pull over, coupled with his failure to evade the police and then coming to a stop when he felt there was a safe place to do so, making the defenses applicable subject to credibility and factual determinations for the jury to consider and then accept or reject.

3. Whether the trial court erred in failing to order a new trial upon post sentence motion[,] as the verdict shocked the conscience and was insufficient as a matter of law[,] since the evidence to support the conviction for [f]leeing and [e]luding was lacking in that [Walters] did not increase speed or exit the roadway at approved exits or [commit] any other evasive maneuvers, [and the evidence] did not establish that he willfully failed to respond to any signal to stop[,] coupled with his good faith concern for his personal safety.

Brief for Appellant, at 5.

- 3 -

We note that although a criminal defendant has the right to be represented by counsel, the right can be waived or forfeited; a defendant forfeits his or her right to counsel where his or her conduct results in a sequence of dilatory dismissals of counsel and withdrawals of counsel. *See Commonwealth v. Coleman*, 905 A.2d 1003, 1006-08 (Pa. Super. 2006) (holding right to counsel forfeited where defendant (1) continuously dismissed and substituted counsel or appeared *pro se*; (2) was capable of retaining counsel for his or her defense; and (3) refused to heed trial court's warning that trial would commence on date certain, with or without representation by counsel). Further, where the right to counsel is forfeited by a defendant, the trial court is not obliged to conduct a waiver of counsel colloquy with the defendant before requiring the defendant to proceed to trial *pro se*. *Id.* at 1008.

The posture of the instant matter mirrors that of **Coleman**, in that prior to his actual trial, Walters had proceeded to the eve of trial multiple times, with multiple counsel, only to request a continuance each time. As the trial court noted,

> [Walters'] conduct can be described as nothing but dilatory. Before the case was assigned to this trial judge, [Walters'] had been granted more than thirty continuances and had been represented by four different attorneys. [Walters'] modus operandi was to disagree with his lawyers to the point of prompting them to file a motion to withdraw, which allowed [Walters] to further delay the proceedings while seeking to hire another lawyer. [Walters] requested continuances for counsel status twenty times. His case had been listed for disposition six

times. It was continued once due to [Walters'] request for a bench trial, and jury trials had been scheduled multiple times.

Trial Court Opinion, 6/7/16, at 3. Ultimately, the court informed Walters that his trial would proceed on March 29, 2016, whether or not he had an attorney. Walters appeared that day without his attorney and stated he had fired him. Thus, the trial took place with Walters representing himself and with standby counsel appointed. Under the circumstances, we conclude that the court did not err requiring Walters to proceed *pro se*. **Coleman**, **supra**.

Next, Walters asserts that the trial court erred by not instructing the jury as to the defenses to fleeing or attempting to elude police, claiming that he was unsure that he was being pulled over by an actual police officer, that glass and debris were on the side of the road, and that he stopped when he felt it was safe to do so.

The record reveals that the trial judge gave the standard jury instruction regarding fleeing or attempting to elude police. No objection was made to this instruction, nor was a request made for the judge to instruct the jury regarding defenses to the crime. We note that the fact that Walters was proceeding *pro se* is not relevant in this regard, since *pro se* defendants are held to the same standards as licensed attorneys. **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) ("*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel"). Accordingly, the court did not err in not instructing the jury as to the defenses to fleeing or attempting to elude police.

Finally, Walters asserts that the evidence was insufficient to convict him of fleeing or attempting to elude police.[3]  In considering sufficiency of the evidence claims,

> we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . .  Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). A driver is guilty of fleeing or eluding police when he "willfully fails or refuses to bring his vehicle to a stop, or . . . otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]"  75 Pa.C.S. § 3733.

Here, Walters baldly argues that the fact that he did not increase his speed or exit the roadway at approved exits demonstrates that he did not willfully fail to stop or respond to a signal from police.  However, Walters fails to provide any legal authority to support his claim that the mere fact that he did not speed up indicates that he did not willfully fail to stop.

---

[3] In his brief, Walters asserts that the verdict shocks the conscience, which implies a weight of the evidence claim.  However, to the extent the claim is developed, it is focused on a lack of evidence that he willfully failed to stop his vehicle.

Moreover, Officer O'Brien testified that that he used not only his lights and siren to signal to Walters to pull over, but also used his spotlight and intercom system to communicate to Walters to stop. Officer O'Brien was also in a clearly marked police vehicle. Additionally, we note that Walters continued to drive for at least two-and-one-half miles after Officer O'Brien activated his lights and sirens and had to be forced off the roadway. Accordingly, we find that sufficient evidence was presented to show that Walters was guilty of fleeing a police officer. **Watley**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017